**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

ULONDA EVETTE DEGAHSON,

Petitioner, : Case No. 3:26-cv-00125

- vs - District Judge Michael J. Newman
Magistrate Judge Michael R. Merz

SHANNON OLD, WARDEN,
Dayton Correctional Institution,

:
Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Ulonda Evette Degahson to obtain relief from her convictions for felony murder and felonious assault in the Clark County Court of Common Pleas. The case is ripe for decision on the Petition (ECF No. 1-1), the State Court Record (ECF No. 13), and Respondent's Return of Writ (ECF No. 14). Petitioner was notified in the Order for Answer that her reply/traverse was due twenty-one days after the Return of Writ was filed (Order, ECF No. 9, PageID 5). When the Return was filed, the Court reminded Petitioner of that deadline (ECF No. 15). However, the deadline has passed, no reply has been filed, and Petitioner has neither sought nor received an extension of time. The Court will therefore proceed on the basis of the pleadings already filed.

**Litigation History**

On September 3, 2019, the Clark County Grand Jury returned an indictment charging Petitioner with one count of murder in violation of Ohio Revised Code § 2903.02(A); another count of murder in violation of Ohio Revised Code § 2903.02(B); one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2); and one count of discharge of a firearm on or near prohibited premises, in violation of Ohio Revised Code § 2923.162(A)(3). All four counts included a firearm specification. (Indictment State Court Record, ECF No. 13, Ex. 1).

The case was tried to a jury which found Petitioner not guilty of purposeful murder, but guilty on the remaining counts and the firearm specification. At sentencing the trial court merged counts two and three under Ohio Revised Code § 2941.25 and sentenced Petitioner to an aggregate term of eighteen years to life.

With new counsel, Petitioner appealed to the Ohio Second District Court of Appeals, pleading two assignments of error:

> I. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON SELF-DEFENSE IN ACCORDANCE WITH AM. S.B. 175.
>
> II. THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

State Court Record, ECF No. 13, Ex. 10. The Second District affirmed. *State v. Degahson*, 2022-Ohio-2972 (Ohio App. 2nd Dist. Aug. 26, 2022)("*Degahson I*"). Petitioner appealed to the Ohio Supreme Court which accepted jurisdiction on her one proposition of law contending that Am. S.B. 175 should have been applied to her case, but eventually affirmed. *State v. Degahson,* 178 Ohio St.3d 97 (2024)("*Degahson II*").

The Petition was filed December 17, 2025, when Petitioner deposited it in the prison mail system. She pleads two grounds for relief:

> **Ground One:** Insufficiency / M.W.E. pursuant to *Jackson v. Virginia,* 443 U.S. 307 at 318 m. 11 and *Tibbs v. Fla.,* 457 U.S. 31 at 45; and *Curley v. United States*, 160 F.2d 229 at 232-233.
>
> **Ground Two:** Due process (Fifth and Fourteenth Amendments).
>
> **Supporting Facts**: Failure to give jury instructions on self-defense (duty-to-retreat).

Petition, ECF No. 1-1, PageID 4.

## Analysis

**Ground One: Insufficient Evidence**

In her First Ground for Relief, Petitioner asserts her conviction is not supported by sufficient evidence. She expressly cited the governing standard from *Jackson v. Virginia,* 443 U.S. 307 (1979), where the Supreme Court held:

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Id.* at 319. To preserve a constitutional claim for presentation in habeas corpus, it must be fairly presented for a full round of state court consideration. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-

7(1999). On direct appeal to the Second District, Petitioner presented a weight of the evidence claim which is not the same as a sufficiency claim. Nonetheless, Respondent is willing to concede that the manifest weight claim was sufficient to preserve an insufficiency claim at the intermediate appellate level.

Petitioner runs afoul of the fair presentation requirement, however, because she made no claim about the weight of the evidence in her appeal to the Ohio Supreme Court. It is at that stage that Respondent asserts the procedural default occurred. Petitioner has made no attempt to show excusing cause for that omission in that she has filed no reply/traverse at all.

The Magistrate Judge concludes Petitioner has procedurally defaulted in presenting her First Ground for Relief and it should be dismissed with prejudice on that basis.

**Ground Two: Retroactive Application of Amendment to Ohio's Self-Defense Doctrine**

In her Second Ground for Relief, Petitioner claims her Due Process rights under the Fifth Amendment as incorporated into the Fourteenth Amendment were violated when the trial court refused to retroactively apply a legislative amendment to Ohio's self-defense doctrine in her case.

The offenses of which Petitioner was convicted occurred in August, 2019, and she was indicted in early September of that year. She gave notice on October 7, 2019, of her intention to raise a claim of self-defense at trial. In late May, 2021[1], the parties briefed the applicability of amendment to the self-defense doctrine. Notably, Petitioner did not claim retroactive application was constitutionally required. On June 1, 2021, Judge O'Neill decided the amendment would not

[1] Neither Respondent nor the Second District explains this long delay. The Court takes judicial notice that through much of 2020 the COVID-19 pandemic was ravaging the United States and particularly interfering with processes, such as jury trials, which required groups of people to gather and be in close proximity for days at a time.

be applied retroactively to Petitioner's case and the jury would be instructed on self-defense as it was codified before the amendment, which took effect April 6, 2021. (Entry, State Court Record, ECF No. 13, Ex. 6).

After conviction and represented by new counsel, Petitioner appealed to the Second District, raising the retroactivity claim as her First Assignment of Error which the Second District decided as follows:

> {¶ 14} In her first assignment of error, Degahson argues that the trial court erred when it failed to give a "stand your ground" instruction in accordance with S.B. 175.
>
> {¶ 15} Ohio's self-defense laws have been in a state of flux over the course of the last several years. In 2019, S.B. 228 came into effect, altering R.C. 2901.05 and making self-defense no longer an affirmative defense. Instead, the burden was shifted "from the defendant to the state to prove beyond a reasonable doubt that the accused did not use force in self-defense." *State v. Brooks*, Ohio Slip Opinion No. 2022-Ohio-2478, ––– N.E.3d –––, ¶ 6. Then, in April 2021, S.B. 175 took effect, amending R.C. 2901.09 to indicate that "a person has no duty to retreat before using self-defense * * * if that person is in a place in which the person lawfully has a right to be." R.C. 2901.09(B). It further states that "[a] trier of fact shall not consider the possibility of retreat as a factor in determining whether or not a person who used force in self-defense * * * reasonably believed that the force was necessary to prevent injury, loss, or risk of life or safety." R.C. 2901.09(C). Simply put, the new "stand your ground" law removes, in most cases, the duty to retreat before using self-defense. While the change in the law is relatively straight forward, when it should be applied, which is the basis for this appeal, is an unsettled question.
>
> {¶ 16} Degahson asserts that even though the shooting happened in August 2019 and the new "stand your ground" law did not go into effect until April 2021, she still should have received the updated jury instruction because the law changed before her trial. We disagree.
>
> {¶ 17} "A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48; *Brooks* at ¶ 9. *See*

*also* *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶ 9 (a statute cannot be applied retroactively unless the legislature expressly makes it retroactive). To overcome the presumption that the statute applies prospectively, it must "clearly proclaim its retroactive application." *Id.* at ¶ 10. In this case, we find no language in the amended R.C. 2901.09 that would indicate the legislature obviously intended the statute to be applied retroactively. *Accord* *State v. Hurt*, 8th Dist. Cuyahoga No. 110732, 2022-Ohio-2039, ¶ 58 ("There is no language in amended R.C. 2901.09 indicating that the General Assembly intended the statute to be applied retroactively."). On this reasoning alone, the assignment of error could be overruled.

{¶ 18} Even assuming the legislature did clearly intend for the amended R.C. 2901.09 to apply retroactively, the statute would then run afoul of the Ohio Constitution, which provides that the "general assembly shall have no power to pass retroactive laws." Ohio Constitution, Article II, Section 28. "Generally, when the legislature has made a statute expressly retroactive, the determination whether the statute is unconstitutionally retroactive * * * depends on whether it is 'remedial' or 'substantive.' " *Brooks* at ¶ 10. If the law is remedial in nature, then its retroactive application is constitutional; if the law is substantive, then applying it retroactively is unconstitutional. *Id.* "Laws relating to procedures – rules of practice, courses of procedure, and methods of review – are ordinarily remedial in nature. But laws affecting rights, which may be protected by procedure, are substantive." (Citations omitted.) *Id.*

{¶ 19} We find R.C. 2901.09 to be substantive in nature. Prior to the passage S.B. 175, a person, unless in his or her residence or vehicle, had a duty to retreat before using force in self-defense. Previous version of R.C. 2901.09(B). S.B. 175, which went into effect April 6, 2021, modified the law to read: "a person has no duty to retreat before using force in self-defense * * * if that person is in a place in which the person lawfully has a right to be." R.C. 2901.09(B). The change did more than just alter a procedure; it expanded the law, creating a new right – the right to stand one's ground. A person is no longer limited to their home or vehicle; the use of force in self-defense can now be used anywhere the person is legally permitted to be. We conclude that S.B. 175's change to R.C. 2901.09(B) is substantive in nature.

{¶ 20} While this appears to be a case of first impression for our Court, appellate courts across the country have held that changes to "stand your ground" laws are substantive in nature and thus do not allow for retroactive application. *See* *Blalock v. State*, 452 P.3d 675,

687 (Alaska App. 2019) ("Before the 'Stand Your Ground' amendment was passed in 2013, a person ordinarily had a duty to retreat before using deadly force to defend themselves. * * * But now the law of self-defense is that there is no duty to retreat before using deadly force, as long as the person using the force is in a place where they have a right to be. This is a substantive change in the law, not merely a clarification of the existing law."); *State v. Mahler*, 157 So.3d 626, 631 (La. App. 2013) (2006 amendment to "stand your ground" law changed the existing jurisprudence, was substantive in nature, and must be applied prospectively); *Smiley v. State*, 966 So.2d 330, 335-337 (Fla. 2007) (amended "stand your ground" law "clearly constitutes a substantive change in the law" and is constitutionally impermissible to apply retroactively); *People v. Conyer*, 281 Mich.App. 526, 530, 762 N.W.2d 198 (2008) (statute altered the common law of self-defense concerning duty to retreat and therefore created a substantive right; "Thus, it does not apply retroactively absent an indication that such was the intention of the Legislature in passing the statute."); *Commonwealth v. Stone*, 291 S.W.3d 696, 704 (Ky. 2009) (any change to the "no duty to retreat" doctrine created by new amendment "was a change to substantive law, and therefore has no retroactive application"). We believe that the analyses of the just-mentioned cases are correct and join them today. S.B. 175's change to R.C. 2901.09 was substantive in nature and, as a result, its retroactive application would be unconstitutional.

{¶ 21} Finally, the trial court's decision not to give Degahson's requested instruction was consistent with R.C. 1.58. "If a statute is amended and becomes effective while the defendant's case is pending in the trial court, then its applicability to the defendant's case is guided by R.C. 1.58." *Hurt,* 8th Dist. Cuyahoga No. 110732, 2022-Ohio-2039, at ¶ 60, quoting *State v. Stiltner*, 4th Dist. Scioto No. 19CA3882, 2021-Ohio-959, ¶ 54. That statute provides:

> (A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
>
> (1) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, or incurred thereunder;
> (2) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
>
> (3) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability,

> penalty, forfeiture, or punishment, and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.
>
> (B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
>
> {¶ 22} Since the statute was amended while Degahson's case was pending, R.C. 1.58 must be applied. Accordingly, we conclude that S.B. 175 does not set out a penalty, punishment, or forfeiture, but instead provides substantive law creating a right to "stand your ground." Therefore, R.C. 1.58 dictated that the trial court apply the former version of R.C. 2901.09 to Degahson's case "because under R.C. 1.58 *substantive provisions of the former law apply to all pending prosecutions.*" (Emphasis sic.) *Stiltner* at ¶ 55.
>
> {¶ 23} We conclude that the trial court did not err by instructing the jury on the pre-S.B. 175 version of R.C. 2901.09, because the new version of the law became effective during the pendency of the case and the legislature did not obviously signal that it intended the amended statute to be retroactively applied. We further find that the change to R.C. 2901.09 was substantive in nature and could not be applied retroactively.
>
> {¶ 24} Degahson's first assignment of error is overruled.

*Degahson I.* Notably, Petitioner's appellate counsel had also made no argument that failure to apply Am. S. B. 175 retroactively violated Petitioner's federal constitutional rights.

The Ohio Supreme Court accepted an appeal of the Second District's decision and eventually affirmed "on the authority of *State v. Miree*, 178 Ohio St.3d 216." *Degahson II*. In *Miree* the Supreme Court "held that [the] statutory amendment limiting duty to retreat from threat before acting in self-defense did not apply to offenses committed prior to amendment's effective date." Although the Ohio Supreme Court accepted jurisdiction over a proposition of law that claimed failure to apply the amended statute denied Miree due process and a fair trial, the court decided

*Miree* solely on Ohio law.

Because Degahson never fairly presented a constitutional claim for retroactive application of the amended statute to the Ohio courts and had given no excusing cause for that failure, her second Ground for Relief is also procedurally defaulted and should be dismissed on that basis.

Ground Two is also without merit. A federal habeas court is authorized to grant relief only if the final decision of the state courts is shown to be contrary to or an objectively unreasonable application of clearly established United State Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The undersigned is unaware of any Supreme Court precedent which would require retroactive application of the new statute. Under the Ex Post Facto Clause, a State may not criminalize conduct which happened before the legislature acted. "An ex post facto law possesses two elements: (1) 'it must apply to events occurring before its enactment' and (2) it must disadvantage the offender affected by it." *Dyer v. Bowlen*, 465 F.3d 280, 285 (6th Cir. 2006)(quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997). Here Petitioner sought retroactive application of the new statute which would have provided her a new substantive right, to wit, the right to "stand your ground." The Fourteenth Amendment has not been interpreted by the Supreme Court to require that self-defense be expanded to that extent.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

September 2, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #